UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. S1-4:04CR629 RWS |
| | ) |
| ADRIAN MINNIS, | ) |
| STEVEN WADE, | ) |
| ANTONIO LUCIOUS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before me on the pretrial motions of defendants Adrian Minnis, Steven Wade, and Antonio Lucious.

Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge David D. Noce.

Judge Noce held evidentiary hearings on these motions on April 13, 2005, April 26, 2005, and April 27, 2005. Antonio Lucious and the United States Attorney agreed that evidence presented at the hearing on co-defendant Antoine Gordin's motion to suppress hearing would be incorporated as part of the record.

On August 9, 2005, Judge Noce issued a Report and Recommendation that defendants' motions be denied.

Adrian Minnis filed his written objections to Judge Noce's recommendation on August 10, 2005. Antonio Lucious filed his objections on August 11, 2005. Steven Wade filed his objections on August 22, 2005.

I have conducted a <u>de novo</u> review of the evidentiary hearings and the legal memoranda filed by the parties. I adopt the thorough reasoning of Magistrate Judge Noce denying the defendants' pretrial motions.

**Motion to Dismiss**

Steven Wade's motion to dismiss the indictment is denied as moot because the superseding indictment did not include the language of the indictment which was the subject of Wade's motion to dismiss.

**Motion to Suppress Wiretap Evidence**

A review of the record establishes that the requirements of 18 U.S.C. § 2518(c) before a wiretap may be issued by a district judge were met in each instance that a wiretap was authorized. It is also clear from the record that the government properly handled the interceptions as required by law.

**Motion to Suppress Pen Register and Transactional Evidence**

The acquisition of non-communicative data and transactional records by the government through the use of pen registers does not implicate the Fourth Amendment. <u>Smith v. Maryland</u>, 442 U.S. 735 at 743-744. As a result the motions

to suppress the non-communicative information acquired by the pen registers and court orders for transactional information are denied.

**Motion to Suppress Arising out of the February 18, 2004, and April 6, 2004 Searches of Mail Packages**

The postal inspectors had a legally sufficient basis for reasonably suspecting that the packages searched on February 18, 2004, and April 6, 2004, contained contraband. As a result the motions to suppress the seizure of the content of the mail packages are denied.

**Motion to Suppress June 28, 2004, Consensual Recording of Adrian Minnis**

A cooperating individual agreed to record his conversations with Adrian Minnis on June 28, 2004. Because the cooperating individual voluntarily consented to the law enforcement monitoring of his conversations with Minnis, federal statutory law was not violated, 18 U.S.C. § 2511(2)(d) and the Fourth Amendment was not violated. United States v. White, 401 U.S. 745, 751-53 (1971). As a result the motion to suppress the tape recorded conversation is denied.

**Challenge to the November 16, 2004, Search Warrants and Motion to Dismiss Statements**

A review of the record establishes that the United States Magistrate Judge had a substantial basis for finding probable cause before issuing the November 16, 2004, search warrants. As a result the search warrants were lawfully executed. Any statements Lucious made in his home, the spontaneous statements he made as he was being transported to the DEA office and the statements he made at the DEA office were all voluntary. As a result the motions to suppress the results of the November 16, 2004, search warrants and statements made by defendant Lucious are denied.

**Motion to Suppress Arising out of November 15, 2004, Search of Residence and Statements by Adrian Minnis**

After he was indicted in this matter Antonio Minnis was arrested at his apartment. The record establishes that during his arrest Minnis consented to the search of his apartment. Minnis, after being advised of his <u>Miranda</u> rights, consented to questioning.

Because Minnis voluntarily consented to the search of his apartment and waived his <u>Miranda</u> right before he was questioned, his motions to suppress the evidence seized from his apartment and his statements to DEA agents are denied.

### Motion to Suppress Arising Out of the September 25, 2990, Airport Stop of Adrian Minnis

Minnis also seeks to suppress statements he made during an airport stop in September 1990. Specifically, he seeks to suppress evidence of the $15,500 seized from him on that day.

The search of his suitcase was lawful because the record establishes that Minnis voluntarily consented to the search. The resulting seizure of the currency was lawful because the many suspicious circumstances leading up to the seizure established probable cause to believe that the currency was the proceeds of drug trafficking and subject to administrative forfeiture proceedings. See 21 U.S.C. § 881(1)(b), (b)(4). Minnis' statements to law enforcement officials were voluntary. As a result Minnis' motions to suppress are denied.

### Motion to Suppress Arising out of the February 10, 2002, Search of Residence and Statements of Adrian Minnis

On February 10, 2002, Minnis was arrested as a result of a domestic dispute with co-defendant Marneik Guest.

Minnis' arrest was lawful based on probable cause to believe that he had committed a crime. Beck v. Otis, 379 U.S. 80, 91 (1964). The record establishes that the statements made by Minnis before he was given a Miranda warning were spontaneous and not the result of an interrogation. Statements made by Minnis after

being advised of his <u>Miranda</u> rights were voluntary.  The search of the apartment was lawful because Guest gave apparent, if not actual, authority to conduct the search.  See <u>Illinois v. Rodriguez</u>, 497 U.S. 177, 186 (1990).

The motions to suppress physical evidence and statements arising from the February 10, 2002, incident are denied.

### Motion to Suppress Arising out of the November 3, 2004, Airport Stop of Steven Wade

The search of Wade's carry-on bag by TSA personnel on November 3, 2004, as a part of the routine airport screening process, was a reasonable intrusion into Wade's Fourth Amendment rights for an administrative security purpose to which Wade necessarily consented to when he chose to travel on a commercial airline.

The resulting seizure of marijuana and currency was incident to his lawful arrest.  The record establishes that Wade's statements were voluntarily made after being informed of his <u>Miranda</u> rights.

Wade's motion to suppress evidence and statements arising from the November 3, 2004, arrest are denied.

### Motion to Suppress Arising out of the November 16, 2004, Statements by Steven Wade

After indictment Steven Wade was arrested in California.  After being advised of his <u>Miranda</u> rights Wade made voluntary statements to the law

enforcement officials. Because Wade's statements were voluntary his motion to suppress these statements is denied.

**Motion to Suppress Arising out of the February 3, 2005, Statements by Antonio Lucious**

After indictment Antonio Lucious was arrested at his residence in Missouri. During the course of the arrest Lucious gave law enforcement officials permission to search his residence. Because the arrest was lawful and Lucious' statements and consent to search were voluntary his motion to suppress his statements and the physical evidence seized from the residence are denied.

**IT IS HEREBY ORDERED** that the objections to the United States Magistrate Judge's Report and Recommendation filed by Adrian Minnis, Steven Wade, and Antonio Lucious are denied.

**IT IS FURTHER ORDERED** that based on my de novo review of the record the Report and Recommendation is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of September, 2005.